FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 02, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Eide Bailly, LLP,

                Plaintiff,

v.

Michael Humphreys, Acting Insurance
Commissioner of the Commonwealth of
Pennsylvania, in his capacity as Statutory
Rehabilitator of Senior Health Insurance
Company of Pennsylvania,

                Defendant.

CASE NO. 2:23-MC-00006-JAG

STAY AND PROTECTIVE ORDER

**ORDER**

This matter, having come before the court on the Stipulation Regarding Stay of

Proceedings and Confidentiality, and the Court having reviewed the records and files therein,

now it is hereby ordered that:

**A. STAY OF PROCEEDINGS**

1. Counsel for Eide Bailly will accept service of the Subpoena as of the date of the signing
   of this stipulation;

2. Milliman will use best efforts to produce to Eide Bailly as soon as practicable and after
   a reasonable search of its files and entry of a protective order in this matter, all
   documents which it reasonably believes were provided to Eide Bailly for audit years
   2013-19, and the production shall be in electronic format;

STAY AND PROTECTIVE ORDER- 1

3. Milliman will not seek to quash the Subpoena, and except as necessary to compel compliance with Paragraph 2 of this stipulation, Eide Bailly will not seek to enforce the Subpoena, move to compel production or engage in any other discovery, until after December 15, 2023;

4. Counsel for the parties agree that prior to any Court action after December 15, 2023, they will meet and confer to attempt to resolve any further issues;

5. Nothing herein waives Milliman's ability to seek expenses associated with the production of documents to Eide Bailly;

6. Nothing herein waives either party's arguments on the motion to quash should it be heard;

7. Nothing herein can be construed against either party in any subsequent discovery dispute; and

8. The parties reserve all rights.

**B. PROTECTIVE ORDER**

1. Anyone receiving a copy of the documents produced in this action ( a "party" for purposes of this subsection B) shall be bound to the terms of the Protective Order to be entered herein, upon service of the Protective Order to that person or entity. Prior to receipt of documents, that person or entity must represent that they have file systems that will maintain and ensure the confidentiality of the documents Milliman produces.

2. Milliman and Eide Bailly, and any other person or entity producing documents herein, may designate their documents as confidential by conspicuously marking each page with the word "confidential" or "confidential: attorneys' eyes only." Corrections to errors in designation may be made at any time by the producing party. Challenges to a confidentiality designation by a non-producing party may be made to this Court only after a meet and confer has taken place. If the parties cannot agree on a designation, a document shall remain confidential unless and until this Court orders otherwise.

3. A confidential document may be used only in this action <u>or</u> in *Eide Bailly LLP v. Humphreys*, Case No. 22-cv-03132 (MJD/LIB) in the United States District Court for the District of Minnesota (the "MN Action"). This action and the MN Action are collectively referred to in this stipulation as the "Actions." If confidential documents are sought to be filed in the MN Action, the protective order entered in that case (Dkt 46) shall pertain to filing under seal.

4. No person receiving a confidential document may reveal it, except to: (1) a court and its staff; (2) an attorney or an attorney's partner, associate, or staff; (3) a person shown on the face of the confidential document to have authored or received it; (4) a court

reporter or videographer retained in connection with this action or the MN Action; (5) a party to the Actions; and (6) any person who is retained to assist a party or attorney with this action and signs a declaration that contains the person's name, address, employer, and title, and states: "I have read, and agree to be bound by, the protective order in the case captioned *Eide Bailly LLP v. Humphreys*, Case No. 2:23-MC-00006-JAG in the United States District Court for the Eastern District of Washington. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document."

5. Should depositions proceed in this action, that testimony may be designated as confidential on the record at the deposition; or after the deposition, by promptly notifying the parties and those who were present at the deposition of the portions of the deposition being designated as confidential. If a witness is expected to testify as to confidential or proprietary information, either side may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

6. If a party files documents with the Court containing information designated as protected pursuant to the terms of this Protective Order, the filings must be in compliance with the Federal Rules of Civil Procedure and the relevant Local Rules of this Court. Only those documents and portions of a party's submission, or any part thereof, which meets requirements for protection from public filing under Federal Rule 26(c) (or in addition, but not limited to, under a statute, rule or regulation prohibiting public disclosure, other specific Order of the Court, or other legal authority) shall be filed under seal. If a party intends to file with the Court a document designated by another party as protected pursuant to the terms of this Order, then the filing party shall provide reasonable advance notice to the designating party of such intent so that the designating party may determine whether or not they should seek to require the protected document to be filed under seal. Further, any party intending to file a document under seal shall specifically review each document and the information therein to determine whether or not there is a good faith basis to believe that any privacy interest therein for sealing the document will ultimately outweigh the public's right to access filings on the Court's docket.

7. Within 60 days after the termination of this action and the MN Action (including any appeals), whichever terminates later, each recipient of confidential information must: return or destroy all confidential documents; and if requested by the producing party, confirm that it has returned or destroyed all confidential documents within the 60-day period.

8. Anyone who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party provides such notice and description, the privilege or protection is not waived. A party who discovers that it may have received

an inadvertently disclosed or produced protected document must promptly notify the disclosing or producing party. Unless the Court orders otherwise or the disclosing or producing party confirms that the document is not confidential, the document shall be treated as confidential. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B), and shall promptly return or destroy that document (and all copies thereof); shall destroy all notes or work product reflecting the contents of such document made prior to notification of the claim of privilege; shall not thereafter use or disclose such document, or the information contained therein.

9.  Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party. A party who learns of a breach of confidentiality must promptly notify the producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

10. The obligations imposed by this confidentiality stipulation survive the termination of this action.

11. Eide Bailly and Milliman agree to be bound by the terms of this confidentiality stipulation prior to its approval by the Court. In the event the Court does not enter this confidentiality stipulation, the parties agree that they shall nevertheless be bound to its terms as if it had been so entered.

DATED October 2, 2023.



JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

**Presented by:**

/s/Frank S. Harrison
Frank S. Harrison, WSBA #53890
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
Phone: (206) 628-6600
Email: fharrison@williamskastner.com

*COUNSEL FOR MILLIMAN, INC*

STAY AND PROTECTIVE ORDER- 4

1

2
Agreed to as to form and content;
Notice of Presentation Waived:

3

4
*/s/Lawrence M. Shapiro*
Lawrence M. Shapiro, P.A.

5
Greene Espel PLLP
222 S 9th St Ste 2200

6
Mpls, MN 55402

7
Phone: (612) 373-8325
Email: lshapiro@greeneespel.com

8
*COUNSEL FOR EIDE BAILLY, LLP*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

STAY AND PROTECTIVE ORDER- 5